# No. 15-2528

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

———————————

### DENNIS W. BAKKE; EILEEN H. BAKKE,

**Plaintiffs-Appellants**

v.

### UNITED STATES OF AMERICA,

**Defendant-Appellee**

———————————

## ON APPEAL FROM THE JUDGMENT OF
## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

———————————

## BRIEF FOR THE APPELLEE

———————————

CAROLINE D. CIRAOLO
 *Acting Assistant Attorney General*

ROBERT W. METZLER                    (202) 514-3938
RICHARD CALDARONE                  (202) 514-2947
 *Attorneys, Tax Division*
 *Department of Justice*
 *Post Office Box 502*
 *Washington, D.C. 20044*

*Of Counsel:*
DANA J. BOENTE
 *United States Attorney*

# TABLE OF CONTENTS

**Page**

Table of contents...................................................................i
Table of authorities .............................................................ii
Statement of jurisdiction.....................................................1
Statement of the issue.........................................................2
Statement of the case .........................................................2
Summary of argument .......................................................7
Argument ...........................................................................8

    The District Court correctly dismissed taxpayers' complaint........8

        Standard of review ..................................................8

        A.    The District Court lacked jurisdiction over taxpayers' complaint because taxpayers failed to satisfy the jurisdictional prerequisite to bringing a refund suit in I.R.C. § 6511 ........................................9

            1.    Taxpayers did not satisfy the jurisdictional deadline in I.R.C. § 6511 .......................................9

            2.    Taxpayers' argument that § 6511(a) is not jurisdictional is both irrelevant and incorrect ...........................................................15

            3.    The possibility that other taxpayers might have erroneously received refunds cannot save the complaint from dismissal ....................19

        B.    Alternatively, the District Court correctly held that taxpayers' complaint does not state a claim for deductions based on bad debts or worthless securities ..............................................25

Conclusion.........................................................................29
Statement regarding oral argument....................................30
Statutory addendum...........................................................31
Certificate of compliance ...................................................36
Certificate of service ..........................................................37

# TABLE OF AUTHORITIES

**Cases:**                                                            **Page(s)**

*Adams v. Bain,*
  697 F.2d 1213 (4th Cir. 1982) ..............................................20

*AmBase Corp. v. United States,*
  731 F.3d 109 (2d Cir. 2013) ................................................18

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .....................................................25, 28

*Baccei v. United States,*
  632 F.3d 1140 (9th Cir. 2001) ...........................................24

*Beckwith Realty, Inc. v. United States,*
  896 F.2d 860 (4th Cir. 1990) .............................................14

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .....................................................25, 26

*Bookwalter v. Brecklein,*
  357 F.2d 78 (8th Cir. 1966) ...............................................23

*Brooks v. City of Winston-Salem,*
  85 F.3d 178 (4th Cir. 1996) ...............................................15

*Burgess v. Charlottesville Savings and Loan Assoc.,*
  477 F.2d 40 (4th Cir.1973) .....................................................3

*Cenex, Inc. v. United States,*
  156 F.3d 1377 (Fed. Cir. 1998) ..........................................26

*City Loan & Savings Co. v. United States,*
  177 F. Supp. 843 (N.D. Ohio 1959) .....................................23

*Collins Music Co. v. United States,*
  21 F.3d 1330 (4th Cir. 1994) .............................................20

*Commissioner v. Lundy,*
  516 U.S. 235 (1996) .....................................................10, 11

*Connecticut Railway and Lighting Co. v. United States,*
  142 F. Supp. 907 (Ct. Cl. 1956) ..........................................23

*Cooper v. Commissioner,*
  718 F.3d 216 (3d Cir. 2013) ...............................................18

*Crosby v. City of Gastonia,*
  635 F.3d 634 (4th Cir. 2011) ...............................................8

*Davis v. Commissioner,*
  866 F.2d 852 (6th Cir. 1989) .............................................27

## Cases (continued): <span style="float:right">Page(s)</span>

*Dean v. Pilgrim's Pride Corp.*,
 395 F.3d 471 (4th Cir. 2005) ................................................ 15

*Delk v. Commissioner*,
 113 F.3d 984 (9th Cir. 1997) ............................................... 27

*Dickman v. Commissioner*,
 465 U.S. 330 (1984) ....................................................... 21, 23

*Dickow v. United States*,
 654 F.3d 144 (1st Cir. 2011) .............................................. 18

*Equal Rights Ctr. v. Niles Bolton Assocs.*,
 602 F.3d 597 (4th Cir. 2010) .............................................. 29

*Estate of Hoffman v. Commissioner*,
 8 F. App'x 262 (4th Cir. 2001) ............................................ 27

*Exchange Parts Company of Fort Worth v. United States*,
 279 F.2d 251 (Ct. Cl. 1960) ............................................... 23

*FDIC v. Meyer*,
 510 U.S. 471 (1994) ........................................................ 10

*Figgie Int'l, Inc. v. Commissioner*,
 807 F.2d 59 (6th Cir. 1986) ............................................... 27

*Florida Power & Light Co. v. United States*,
 375 F.3d 1119 (Fed. Cir. 2004) ........................................... 23

*Genecov v. United States*,
 412 F.2d 556 (5th Cir. 1969) .............................................. 28

*Goodman v. Praxair, Inc.*,
 494 F.3d 458 (4th Cir. 2007) .............................................. 15

*Gross v. Commissioner*,
 272 F.3d 333 (6th Cir. 2001) .............................................. 21

*Hostar Marine Transp. Sys., Inc. v. United States*,
 592 F.3d 202 (1st Cir. 2010) ........................................... 21, 22

*IBM Corp. v. United States*,
 343 F.2d 914 (Ct. Cl. 1965) ............................................... 24

*Ill. Lumber & Material Dealers Ass'n Health Ins. Trust v. United States*,
 794 F.3d 907 (8th Cir. 2015) .............................................. 18

*In re Landbank Equity Corp.*,
 973 F.2d 265 (4th Cir. 1992) .............................................. 26

## Cases (continued):                                                    Page(s)

*Irvine v. United States,*
    729 F.3d 455 (5th Cir. 2013) .................................................. 18

*Irwin v. Department of Veterans Affairs,*
    498 U.S. 89 (1990) ............................................................. 16

*James v. United States,*
    970 F.2d 750 (10th Cir. 1992) ............................................... 11

*John R. Sand & Gravel Co. v. United States,*
    552 U.S. 130 (2008) .................................................. 10, 17, 18

*Johnson v. Am. Towers, LLC,*
    781 F.3d 693 (4th Cir. 2015) ................................................ 25

*Kerns v. United States,*
    585 F.3d 187 (4th Cir. 2009) ................................................ 20

*Kokkonen v. Guardian Life Ins. Co. of America,*
    511 U.S. 375 (1994) .......................................................... 11

*Mannochio v. Commissioner,*
    910 F.2d 1400 (9th Cir. 1983) ............................................... 25

*McCleary-Evans v. Md. Dep't of Transp.,*
    780 F.3d 582 (4th Cir. 2015) ................................................ 26

*McCorkle v. First Pennsylvania Banking and Trust Co.,*
    459 F.2d 243 (4th Cir. 1972) ................................................. 3

*McNutt v. General Motors Acceptance Corp.,*
    298 U.S. 178 (1936) .......................................................... 11

*Merck & Co. v. United States,*
    652 F.3d 475 (3d Cir. 2011) ................................................. 20

*Mid-Continent Supply Co. v. Commissioner,*
    571 F.2d 1371 (5th Cir. 1978) ............................................... 21

*Miller v. United States,*
    949 F.2d 708 (4th Cir. 1991) ................................................ 14

*Natkunanathan v. United States,*
    474 F. App'x 603 (9th Cir. 2012) ........................................... 28

*Ne. Consol. Co. v. United States,*
    406 F.2d 76 (7th Cir. 1969) ................................................. 28

*Norfolk S. Corp. v. Commissioner,*
    140 F.3d 240 (4th Cir. 1998) ................................................ 20

*Oates v. Commissioner,*
    316 F.2d 56 (8th Cir. 1963) ................................................. 27

**Cases (continued):**                                          **Page(s)**

*Occupy Columbia v. Haley,*
    738 F.3d 107 (4th Cir. 2013) ................................................28

*Patterson v. McLean Credit Union,*
    491 U.S. 164 (1989) ........................................................18

*Perry v. Commissioner,*
    92 T.C. 470 (1989) .........................................................27

*Pinkley, Inc. v. City of Frederick, MD,*
    191 F.3d 394 (4th Cir. 1999) ...............................................11

*Ruscitto v. United States,*
    2013 WL 2422794 (W.D. Pa. May 31, 2013) ........................28

*Schuster v. Commissioner,*
    312 F.2d 311 (9th Cir. 1962) ..............................................24

*Sirbo Holdings, Inc. v. Commissioner,*
    509 F.2d 1220 (2d Cir. 1975) .............................................21

*Sligh v. Doe,*
    596 F.2d 1169 (4th Cir. 1979) ............................................11

*Spaulding v. Wells Fargo Bank, N.A.,*
    714 F.3d 769 (4th Cir. 2013) .............................................25

*Stichting Pensioenfonds Voor de Gezondheid, Geestelijke en
    Mattschappelijke Belangen v. United States,*
    129 F.3d 195 (D.C. Cir. 1997) ...........................................21

*Stocker v. United States,*
    705 F.3d 225 (6th Cir. 2013) .............................................18

*United States v. Blevins,*
    542 F.3d 1200 (8th Cir. 2008) ...........................................27

*United States v. Brockamp,*
    519 U.S. 347 (1997) ...........................................10, 17, 19

*United States v. Dalm,*
    494 U.S. 596 (1990) ......................................7, 10, 11, 19

*United States v. Kaiser,*
    363 U.S. 299 (1960) ...............................................22, 23

*United States v. Kwai Fun Wong,*
    135 S. Ct. 1625 (2015) ...................................................17

*United States v. Testan,*
    424 U.S. 392 (1976) ......................................................10

**Cases (continued):** **Page(s)**

*Wagner v. United States,*
    387 F.2d 966 (Ct. Cl. 1967) .................................................. 23

*Webb v. United States,*
    66 F.3d 691 (4th Cir. 1995) ............................................ 10, 16

*Weinberger v. Bentex Pharmaceuticals, Inc.,*
    412 U.S. 645 (1973) ................................................................ 3

*Welch v. United States,*
    409 F.3d 646 (4th Cir. 2005) ................................................ 11

*Wisely v. United States,*
    893 F.2d 660 (4th Cir. 1990) ................................................ 26

**Statutes:**

26 U.S.C. (I.R.C.):
    § 165(g) .......................................................................26-28
    § 165(g)(1) ........................................................................ 27
    § 165(g)(2) ........................................................................ 27
    § 166 ............................................................................ 26, 28
    § 166(a) ............................................................................ 27
    § 166(a)(1) ........................................................................ 26
    § 166(b) ............................................................................ 27
    § 166(d) ............................................................................ 27
    § 832(c) ............................................................................ 26
    § 1011 ............................................................................. 26
    § 6072(a) .......................................................................... 12
    § 6151(a) .......................................................................... 12
    § 6511 ...................................................................... 2, 12, 15
    § 6511(a) .......................................... 1, 4-7, 9, 10, 12, 13, 15-20
    § 6511(d) .......................................................................... 28
    § 6511(d)(1) .................................... 1, 6-9, 13-15, 25, 26
    § 6514 ............................................................................. 22
    § 6514(a) .......................................................................... 22
    § 7405(a) .......................................................................... 22
    § 7422(a) ............................................................................ 9

**Statutes (continued):**                                      **Page(s)**

28 U.S.C.:

§ 1291 ................................................................................ 1
§ 1346(a) ........................................................................ 10
§ 1346(a)(1) .................................................................... 9
§ 2501 ...................................................................... 17, 18

**Miscellaneous:**

26 C.F.R. § 1.6081-4(c) .............................................. 12
Fed. R. App. P. 4(a)(1)(B) ............................................ 1
Fed. R. Civ. P. 12(b)(1) .......................................... 4, 16
Fed. R. Civ. P. 12(b)(6) ..................................... 4, 16, 28
Fed. R. Civ. P. 12(d) .................................................. 28

## STATEMENT OF JURISDICTION

On September 9, 2009, appellants Dennis W. Bakke and Eileen H. Bakke (collectively, "taxpayers") filed a joint income tax return for 2008.[1]  (JA 13.)  On October 15, 2012, taxpayers filed an administrative refund claim with the IRS with respect to tax year 2008.  (*Id.*)  Taxpayers then filed this refund suit in the District Court.  (*See* Dkt. 1.)  As we show below (at 9-13), the District Court correctly held that it lacked jurisdiction to hear this suit insofar as it is governed by the three-year limitations period provided by 26 U.S.C. ("I.R.C.") § 6511(a), because taxpayers did not file their refund claim until after that period expired.  (JA 57.)  Taxpayers also failed to allege facts establishing that the special seven-year statute of limitations provision in I.R.C. § 6511(d)(1) was satisfied.

The District Court entered an order dismissing taxpayers' complaint on October 9, 2015.  (JA 60.)  Taxpayers filed a timely notice of appeal (JA 61) on December 8, 2015.  *See* Fed. R. App. P. 4(a)(1)(B).  This Court has jurisdiction under 28 U.S.C. § 1291.

---

[1]    Citations to "JA __" are to the joint appendix.  Citations to "Dkt. __" are to items in the District Court's docket.  References to "Br. __" are to appellants' opening brief.

## STATEMENT OF THE ISSUE

Whether the District Court correctly dismissed taxpayers' amended complaint for lack of subject-matter jurisdiction because taxpayers failed to allege facts establishing that an administrative refund claim had been filed within the time prescribed by I.R.C. § 6511, a jurisdictional prerequisite to bringing a refund suit, or, alternatively, because taxpayers failed to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

Taxpayers received a six-month extension of time, through October 15, 2009, in which to file their joint income tax return for 2008.[2] (JA 13.)  On or about September 8, 2009, taxpayers filed that return, which showed that they owed $3,681,530 in income tax for 2008.  (*Id.*)  Taxpayers timely paid this tax.  (*Id.*)

On or about October 15, 2012,[3] taxpayers proffered an amended income tax return for 2008 that served as an administrative claim for

---

[2]    The Government assumes, solely for purposes of this appeal, that the facts pled in taxpayers' amended complaint are true.

[3]    The Track and Confirm record of the United States Postal Service that taxpayers attached as an exhibit to their amended complaint

<span style="float:right">(continued…)</span>

refund.  (JA 13-14.)  That claim asserted that taxpayers were entitled to a refund in the amount of $1,518,235.  (JA 14, 18.)  The IRS disallowed the claim as untimely because taxpayers "filed [the] claim more than 3 years after [they] filed [their] tax return."[4]  (JA 23; *see also* JA 14.)

On May 27, 2015, taxpayers filed this refund suit in the District Court.  (JA 1.)  Taxpayers' original complaint briefly outlined the timeline above.  (Dkt. 1, at 1-2.)  It then alleged, without elaboration, that taxpayers had "overpaid their federal income tax for the year 2008 in the amount of $1,518,235" and were entitled to "a credit of this amount, with interest."  (*Id.* at 2.)  Attached to the complaint as Exhibit A was a Form 1040X, Amended U.S. Individual Income Tax Return,

---

indicates that their claim for refund was mailed on October 15, 2012. (JA 21.)  The IRS letter that taxpayers also attached as an exhibit to their amended complaint shows that the claim was received by the IRS on October 23, 2012.  (JA 23.)

[4]    In April 2015, the IRS Office of Appeals sent taxpayers a letter incorrectly opining that the refund claim was timely.  (JA 14.) Taxpayers' arguments on appeal do not rely on that letter.  In any event, a timely refund claim is a jurisdictional prerequisite, and the parties cannot confer  jurisdiction on a court by agreement.  *Weinberger v. Bentex Pharmaceuticals, Inc.*, 412 U.S. 645, 652 (1973) ("Parties, of course, cannot confer jurisdiction; only Congress can do so"); *Burgess v. Charlottesville Savings and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir.1973); *McCorkle v. First Pennsylvania Banking and Trust Co.*, 459 F.2d 243, 244 n.1 (4th Cir. 1972)

-4-

which served as the administrative claim for refund that taxpayers filed with the IRS.  (*Id.* at 2 & Ex. A.)  Part III of the form, which asked taxpayers' to provide the "reasons" for their claimed refund stated only "see attached schedule."  (*Id.* Ex. A.)  No schedule, however, was provided as part of the exhibit, and the exhibit did not otherwise provide the grounds upon which taxpayers based their claim.  (*Id.*)

The Government moved to dismiss the complaint on two grounds. The Government argued that, because the complaint revealed that taxpayers "did not file a timely claim for a refund" under I.R.C. § 6511(a), it should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  (JA 4.)  The Government also argued that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, because it included nothing more than "conclusory statements" unsupported by factual allegations.  (JA 11.)

In response, taxpayers proffered an amended complaint.  (JA 13-14.)  The amended complaint adds two allegations not present in the original complaint.  Specifically, the amended complaint alleges that the IRS "may have given" other taxpayers "refunds for untimely claims"

-5-

as a result of computer errors.  (JA 14.)  In support of this allegation,

taxpayers attached a purported internal IRS guidance memorandum

suggesting that the agency's computer systems made errors in

determining whether refund claims were timely filed.  (JA 14, 30-31.)

The amended complaint also alleges, "[u]pon information and belief"

and without further detail, that taxpayers' "claim for refund includes

claims for bad debt deductions and claims for worthless securities."  (JA

14.)  The amended complaint attached the same Exhibit A that was

attached to the original complaint and continued to assert that it was a

copy of taxpayers' administrate claim for refund.  (JA 14, 18-19.)

Taxpayers argued that these allegations were sufficient to show that

the District Court had jurisdiction.  (JA 35-36.)

Following a hearing, the District Court issued a ruling from the

bench that granted taxpayers leave to file the amended complaint, but

that also dismissed the amended complaint.  (JA 56-58.)  The District

Court generally dismissed the complaint for lack of jurisdiction, holding

that the "three-year period" in § 6511(a) "applied to [taxpayers'] request

for a refund" and that "their right to proceed * * * required that they

allege satisfaction of that condition."  (JA 57.)  In so holding, the court

-6-

found "essentially irrelevant" taxpayers' allegation that "other taxpayers who failed to comply with" the limitations period in § 6511(a) "may have * * * been able to obtain refunds." (*Id.*) Even assuming that allegation to be true, the District Court held, it could not "somehow eliminate" the limitations requirement "or confer subject[-]matter jurisdiction * * * contrary to the applicable statutes." (*Id.*)

Insofar as the complaint attempted to invoke the seven-year limitations period in I.R.C. § 6511(d)(1) applicable to a claim for refund on account of a bad-debt or worthless-securities deduction, the court stated that taxpayers "need to specifically allege facts that make that claim plausible." (JA 57.) The court ruled that taxpayers had not "adequate[ly]" done so, even though tax "professionals" acting on taxpayers' behalf had been "involved or associated with this claim." (JA 57-58.)

On October 9, 2015, the District Court issued an order dismissing the complaint in accordance with its ruling from the bench. (JA 60.) Taxpayers now appeal.

## SUMMARY OF ARGUMENT

It is undisputed that taxpayers did not file their refund claim until after the limitations period in I.R.C. § 6511(a) expired. That uncontested fact compels the District Court's conclusion that it lacked jurisdiction to hear this suit. The Supreme Court held in *United States v. Dalm*, 494 U.S. 596, 608 (1990), that § 6511(a) represents a condition on the Government's waiver of sovereign immunity in refund suits, meaning that the district courts lack jurisdiction to hear suits involving untimely refund claims. And although taxpayers strive to circumvent the holding in *Dalm*, their arguments are precluded by decisions of the Supreme Court and this Court.

Taxpayers also seek to avoid dismissal by invoking the seven-year limitations period provided by I.R.C. § 6511(d)(1) for claims related to deductions for bad debts or worthless securities. Taxpayers' amended complaint, however, alleges only, upon "information and belief," the conclusion that their claim is, in part, one for such a deduction. This allegation is contradicted by the allegation in the amended complaint that an exhibit to the complaint—which shows that no bad-debt or worthless-securities ground was raised—is taxpayers' administrative

claim.  Accordingly, taxpayers did not meet their burden of alleging
facts establishing that the court had jurisdiction by virtue of
§ 6511(d)(1).

Assuming, *arguendo*, that there was jurisdiction to entertain a
claim by virtue of § 6511(d)(1), the District Court correctly held that the
amended complaint must be dismissed for failure to state a claim.  The
amended complaint does not allege a single fact suggesting that
taxpayers are actually entitled to a refund on the ground of a bad debt
or worthless security.  There can thus be no doubt that the District
Court properly dismissed the complaint.

## ARGUMENT

### The District Court correctly dismissed taxpayers' complaint

### Standard of review

This Court "review[s] de novo the district court's decision to
dismiss" a complaint either for lack of subject-matter jurisdiction or for
failure to state a claim on which relief may be granted.  *Crosby v. City of
Gastonia*, 635 F.3d 634, 643 n.8 (4th Cir. 2011).

### A. The District Court lacked jurisdiction over taxpayers' complaint because taxpayers failed to satisfy the jurisdictional prerequisite to bringing a refund suit in I.R.C. § 6511

#### 1. Taxpayers did not satisfy the jurisdictional deadline in I.R.C. § 6511

The district courts generally have jurisdiction to hear refund suits filed by taxpayers. 28 U.S.C. § 1346(a)(1). The Internal Revenue Code, however, places limits on those suits. Under I.R.C. § 7422(a), no refund "suit or proceeding shall be maintained in any court * * * until a claim for refund or credit" that complies with applicable statutes and regulations "has been duly filed" with the IRS. And under I.R.C. § 6511(a), a claim for refund generally must be filed "within 3 years from the time" the taxpayer filed the return at issue "or 2 years from the time the tax was paid." As relevant here, I.R.C. § 6511(d)(1) provides an exception to that general rule and provides a seven-year limitations period "[i]f a claim for credit or refund relates to an overpayment of tax * * * on account of * * * the deductibility by the taxpayer, under section 166 or section 832(c), of a debt as a debt which became worthless, or, under section 165(g), of a loss from worthlessness of a security."

-10-

The deadline in § 6511(a) is jurisdictional. "Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)); *accord, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

In some circumstances, "[a] statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *Dalm*, 494 U.S. at 608. And the Supreme Court held in *Dalm* that § 6511(a) is among the limitations provisions that represents a condition on the Government's waiver of sovereign immunity. *Id.*; *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); *United States v. Brockamp*, 519 U.S. 347, 354 (1997); *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996). The grant of jurisdiction in 28 U.S.C. § 1346(a) must therefore "be read to incorporate the requirements of" § 6511(a) (*Webb v. United States*, 66 F.3d 691, 693 (4th Cir. 1995)), with the result that a district court has jurisdiction over a refund suit only if the taxpayer "file[d] a claim for

-11-

refund" within the period specified by that section (*Dalm*, 494 U.S. at 609; *accord, e.g.*, *Lundy*, 516 U.S. at 240).

A "party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *accord Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). In addition, it is well established that a party seeking to invoke federal court jurisdiction has the burden of establishing that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. * * * It is to be presumed that a cause lies outside this limited jurisdiction * * * and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Further, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999). *See also Sligh v. Doe*, 596 F.2d 1169, 1170 (4th Cir. 1979) ("It is hornbook law that a plaintiff seeking relief in a federal court has the burden of alleging and proving the jurisdictional facts."). Accordingly, taxpayers, who brought an

-12-

action against the United States in federal court seeking a tax refund, had the burden of affirmatively alleging facts in their complaint proving that they had satisfied the jurisdictional prerequisite in § 6511.

Taxpayers did not meet this burden. As noted above, I.R.C. § 6511(a) generally allows a taxpayer to file a refund claim only within the later of two alternative periods: (1) two years after a tax is paid or (2) three years after the date a return was filed. Taxpayers did not plead facts establishing that they filed a claim within either period. Rather, their allegations establish just the opposite.

As to the first period, taxpayers alleged that they "timely paid income taxes" for 2008. (JA 13.) Because the extension of time they received for filing their 2008 return did not extend the time for paying income tax (I.R.C. § 6151(a); 26 C.F.R. § 1.6081-4(c)), taxpayers alleged that they paid the tax no later than April 15, 2009 (I.R.C. §§ 6072(a), 6151(a)). They further alleged that they filed their refund claim no earlier than October 15, 2012. (JA 13-14; *see also* JA 23 (indicating that the claim was not actually received by the IRS until October 23, 2012).) Accordingly, their allegations establish that their administrative refund

-13-

claim was not filed within two years of payment, *i.e.*, within the time limit under the first period.

Taxpayers fare no better under the second period. They allege that they filed their joint income tax return for 2008 on or about September 8, 2009. (JA 13.) The deadline for taxpayers to file a refund claim under the second period in § 6511(a) thus expired in September 2012, three years after they filed their return. However, as noted above, according to taxpayers' allegations, the refund claim was filed no earlier than October 15, 2012, well after the expiration of the second period. Thus, the District Court correctly held that it lacked jurisdiction over taxpayers' complaint to the extent it is governed by the limitations period in § 6511(a).

Taxpayers also did not meet their burden of pleading facts establishing that their claim for refund was timely by virtue of the special seven-year period provided by I.R.C. § 6511(d)(1) for claims based upon bad debt or worthless securities deductions. Although taxpayers allege at one point that their "claim for refund includes claims for bad debt deductions and claims for worthless securities", they incomprehensibly make this allegation based "[u]pon information and

-14-

belief." (JA 14 at ¶ 8.) Taxpayers certainly must know whether *their*

claim for refund actually includes such claims. Moreover, another

allegation in the complaint demonstrates that the claim for refund does

not include such claims. Specifically, taxpayers allege that a copy of the

claim for refund (Form 1040X) is attached to their amended complaint

as Exhibit A. (JA 14 at ¶ 8.) But the attached exhibit (JA 18-19)

contains no language indicating that the claim made therein is "on

account of * * * the deductibility by the taxpayer, under section 166 or

section 832(c), of a debt as a debt which became worthless, or, under

section 165(g), of a loss from worthlessness of a security" as § 6511(d)(1)

requires. *See also Miller v. United States*, 949 F.2d 708, 712 (4th Cir.

1991) ("[I]t is insufficient for a taxpayer to argue that the IRS possessed

information from which it could deduce that the taxpayer is entitled to

or desires a refund."); *Beckwith Realty, Inc. v. United States*, 896 F.2d

860, 863 (4th Cir. 1990) (district court lacked jurisdiction over a refund

suit because a purported administrative claim for refund alleging only

that the taxpayer disagreed with the IRS's audit assessment was not

"an effective claim for refund"). Accordingly, taxpayers did not meet

their burden of pleading facts establishing that they satisfied the

jurisdictional time limit in I.R.C. § 6511 through the special rule in

§ 6511(d)(1).[5]

### 2.    Taxpayers' argument that § 6511(a) is not jurisdictional is both irrelevant and incorrect

On appeal, taxpayers do not argue that they satisfied the deadline

in § 6511(a).  Instead, they contend that the deadline in § 6511(a) is not

jurisdictional.  (Br. 9-17.)  That contention is irrelevant, because the

amended complaint would remain subject to dismissal even if taxpayers

were correct.  This Court has repeatedly held that, where a "time bar is

apparent on the face of the complaint," the complaint may be dismissed

for failure to state a claim on which relief may be granted.  *Dean v.

Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005); *accord, e.g.*,

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Brooks v.

City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).  And although

taxpayers' amended complaint is sparse, it leaves no doubt that their

refund claim did not satisfy the deadlines in § 6511(a).  Thus, even if

---

[5]    Even if taxpayers were able to demonstrate that one of the
grounds upon which their claim for refund was based was a deduction
for a bad debt or a worthless security, jurisdiction still would be lacking
to entertain the refund claim to the extent that it was based on any
other ground asserted in the claim.

-16-

taxpayers could show that § 6511(a) is not jurisdictional, the only result would be that the complaint is subject to dismissal under Rule 12(b)(6) rather than Rule 12(b)(1).

In any event, taxpayers' contention that § 6511(a) lacks jurisdictional status is precluded by the Supreme Court's holding in *Dalm* that § 6511(a) represents a jurisdictional condition on the Government's waiver of sovereign immunity in refund suits. And although taxpayers—who never so much as mention *Dalm*—attempt to circumvent this holding in two ways, each of those attempts is likewise barred by binding precedent.

First, taxpayers seek to rely (Br. 15-17) on the rebuttable presumption, created by the Supreme Court in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), that limitations periods are subject to equitable tolling and are thus not jurisdictional. But taxpayers' argument that this presumption applies to § 6511(a) has been rejected by both this Court and the Supreme Court. In *Webb v. United States*, this Court held that the "presumption of equitable tolling is not applicable in tax refund suits" (66 F.3d at 699), and in *United States v. Brockamp*, the Supreme Court agreed, holding that "Congress did not

-17-

intend the 'equitable tolling' doctrine to apply to § 6511's time limitations" (519 U.S. at 354). Taxpayers' attempt to rely on the presumption in *Irwin* therefore lacks merit.

Second, taxpayers argue (Br. 9-15) that § 6511(a) cannot be jurisdictional because it does not satisfy recent Supreme Court opinions stating that a "procedural rule[ ]" can be jurisdictional "only if Congress has 'clearly state[d]' as much." (Br. 11 (quoting *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015).) That argument, however, is inconsistent both with the holding in *Dalm* and with the other Supreme Court cases treating § 6511(a) as a jurisdictional condition on the Government's waiver of sovereign immunity (*see supra* p. 10). And taxpayers make no effort to show that those cases have somehow been implicitly overruled.

Any such effort would fail. In *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), the plaintiff argued that the Supreme Court should overrule its prior holding that 28 U.S.C. § 2501, which concerns the time for filing suit in the Court of Federal Claims, is jurisdictional. *See* 552 U.S. at 139. The Court refused on *stare decisis* grounds, and its reasoning applies with full force here. The Supreme

-18-

Court held that "*stare decisis* in respect to statutory interpretation has 'special force,' for 'Congress remains free to alter what [the Court] ha[s] done.'" *Id.* (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 172-73 (1989)).  Just as Congress had not changed 28 U.S.C. § 2501 in response to the Court's treatment of that statute as jurisdictional (*id.*), it also has not altered § 6511(a) to drain it of jurisdictional force.

The Court in *John R. Sand & Gravel Co.* further reasoned that "re-examin[ing] * * * well-settled precedent" holding that a limitations period was jurisdictional would "threaten to substitute disruption, confusion, and uncertainty for necessary legal stability."  552 U.S. at 139.  That consideration also applies here, as illustrated by the fact that the courts of appeals continue to consistently treat § 6511(a) as jurisdictional.  *See, e.g.*, *Ill. Lumber & Material Dealers Ass'n Health Ins. Trust v. United States*, 794 F.3d 907, 909 (8th Cir. 2015); *AmBase Corp. v. United States*, 731 F.3d 109, 118 (2d Cir. 2013); *Irvine v. United States*, 729 F.3d 455, 464 (5th Cir. 2013); *Cooper v. Comm'r*, 718 F.3d 216, 223 (3d Cir. 2013); *Stocker v. United States*, 705 F.3d 225, 229 (6th Cir. 2013); *Dickow v. United States*, 654 F.3d 144, 149 (1st Cir. 2011).  There is accordingly no basis for disturbing the Supreme Court's

-19-

consistent view that § 6511(a) places a jurisdictional limitation on refund suits.

### 3. The possibility that other taxpayers might have erroneously received refunds cannot save the complaint from dismissal

Taxpayers also argue that the possibility that other taxpayers who missed the deadline in § 6511(a) might have erroneously received refunds is potentially sufficient to confer jurisdiction on the District Court. (Br. 17-19.) That is not so. Taxpayers' argument amounts to the contention that the limitations period in § 6511(a) should be equitably tolled in certain circumstances. It is therefore precluded by the Supreme Court's holding in *Brockamp* that equitable tolling does not apply to § 6511. 519 U.S. at 354. In fact, the "very purpose" of § 6511(a) "is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious." *Dalm*, 494 U.S. at 609 n.7. The possibility that other taxpayers who filed untimely refund complaints nevertheless

-20-

received refunds from the IRS accordingly is, as the District Court held, irrelevant.[6] (JA 57.)

In any event, this Court has held that "[t]axpayers cannot argue that they should be excused from having to pay their taxes simply because other taxpayers were treated differently in the past." *Norfolk S. Corp. v. Comm'r*, 140 F.3d 240, 248 (4th Cir. 1998).[7] Other courts have applied the same rule. *See, e.g., Merck & Co. v. United States*, 652

---

[6]    Taxpayers' argument that jurisdictional facts are in dispute and that discovery is therefore warranted (Br. 19) cannot alter this conclusion. That argument rests on the incorrect assumption that the presence or absence of inconsistent treatment is of jurisdictional significance. (*See id.*) Furthermore, as taxpayers concede (Br. 8-9), this Court has made clear that jurisdictional discovery is not warranted where, as here, the defendant does not contest the factual allegations in the complaint but instead argues that the court lacks subject-matter jurisdiction even assuming those allegations to be true. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

[7]    This Court has left open the possibility that an inconsistent-treatment claim might be viable if the IRS failed to reasonably interpret the statute at issue (*Norfolk S. Corp.*, 140 F.3d at 248), but here, the Government's interpretation of the time limits in I.R.C. § 6511(a) is undisputed. Moreover, although differential treatment may give rise to a due process claim if it is based "upon a 'constitutionally impermissible criterion'" such as race, sex, or the exercise of first amendment rights (*Collins Music Co. v. United States*, 21 F.3d 1330, 1337 n.13 (4th Cir. 1994)), taxpayers have not even attempted to allege that any such criterion is implicated in this case.

-21-

F.3d 475, 487 (3d Cir. 2011); *Hostar Marine Transp. Sys., Inc. v. United States*, 592 F.3d 202, 210 (1st Cir. 2010); *see also Dickman v. Comm'r*, 465 U.S. 330, 343 (1984) ("it is well established that the [IRS] may change an earlier interpretation of the law, even if such a change is made retroactive in effect").

The rule that "disparate treatment * * * is not a valid basis for a tax refund" (*Hostar*, 592 F.3d at 210 (internal quotation marks and alteration omitted)) applies with particular force where, as here, taxpayers allege only that the IRS erred in its treatment of other taxpayers (*see* JA 14, 30-31) rather than that it instituted an intentional, formal change in policy. *See Sirbo Holdings, Inc. v. Comm'r*, 509 F.2d 1220, 1222 (2d Cir. 1975); *accord Gross v. Comm'r*, 272 F.3d 333, 355 (6th Cir. 2001); *Stichting Pensioenfonds Voor de Gezondheid, Geestelijke en Mattschappelijke Belangen v. United States*, 129 F.3d 195, 201 (D.C. Cir. 1997); *Mid-Continent Supply Co. v. Comm'r*, 571 F.2d 1371, 1376 (5th Cir. 1978). The reason is straightforward: Where the IRS erroneously issues refunds, the statutory remedy is *not* for the IRS to issue other, equally erroneous refunds, but rather for the agency to file "civil action[s] brought in the

-22-

name of the United States" to recover the erroneous payments.  I.R.C.

§ 7405(a).  In fact, the IRS is specifically empowered to bring such suits

where taxpayers receive refunds even though their refund claims were

filed "after the expiration of the period of limitation."  *Id*. § 6514(a)(1);

*see also id*. § 7405(a) (incorporating § 6514).  Taxpayers' argument that

other taxpayers had been treated differently would accordingly be

irrelevant even if it could rise to the level of jurisdictional significance.

Taxpayers' brief provides no persuasive argument to the contrary.

Taxpayers contend that the Supreme Court held in *United States v.*

*Kaiser*, 363 U.S. 299 (1960), that the IRS "cannot tax one and not tax

another without some rational basis for the difference."  (Br. 18.)  The

Court, however, made no such holding.  The statement on which

taxpayers rely is found only in "[d]icta" in "a concurring * * * opinion."

*Hostar*, 592 F.3d at 210; *see also Kaiser*, 363 U.S. at 308 (Frankfurter,

J., concurring in the result).  Even that concurring opinion does not

adopt the position taxpayers now advance.  Rather, it simply states the

position, which was advanced by one of the parties, and then

"assum[es]," *arguendo*, that the position is correct.  *Hostar*, 592 F.3d at

210.  And in any event, *Kaiser* involves an intentional departure from

-23-

"former relevant rulings" rather than a mere mistake.  363 U.S. at 308.

*Kaiser* therefore does not help taxpayers.

Nor do any of the other cases that taxpayers cite (*see* Br. 18).  All

but one of those cases involved legal principles applicable to

administrative rulings, which have no relevance here.[8]  Moreover, the

---

[8]    Those cases have also been limited by subsequent decisions.  *See Florida Power & Light Co. v. United States*, 375 F.3d 1119, 1124 (Fed. Cir. 2004) ("*IBM* was effectively limited to its facts by subsequent decisions of the Court of Claims."); *Wagner v. United States*, 387 F.2d 966, 972 n.7 (Ct. Cl. 1967) (providing a limited reading of the decisions in *Connecticut Railway and Lighting Co. v. United States*, 142 F. Supp. 907 (Ct. Cl. 1956), and *Exchange Parts Company of Fort Worth v. United States*, 279 F.2d 251 (Ct. Cl. 1960)); *Bookwalter v. Brecklein*, 357 F.2d 78, 85 (8th Cir. 1966) (providing a limited reading to *City Loan & Savings Co. v. United States*, 177 F. Supp. 843 (N.D. Ohio 1959), *aff'd*, 287 F.2d 612 (6th Cir. 1961)).  Moreover, it is questionable whether any of these decisions survive the Supreme Court's subsequent decision in *Dickman*, 465 U.S. 330, which explained that:

> Even accepting the notion that the Commissioner's present position represents a departure from prior administrative practice, which is by no means certain, it is well established that the Commissioner may change an earlier interpretation of the law, even if such a change is made retroactive in effect. * * * This rule applies even though a taxpayer may have relied to his detriment upon the Commissioner's prior position.

*Id.* at 343.

-24-

decision of the Court of Claims in *IBM Corp. v. United States*, 343 F.2d 914, 919 (Ct. Cl. 1965), actually refutes taxpayers' position insofar as it confirmed the general rule that "taxpayers can never avoid liability for a proper tax by showing that others have been treated generously, leniently, or erroneously by" the IRS.

The one remaining case, *Schuster v. Commissioner*, 312 F.2d 311, 318 (9th Cir. 1962), is also inapposite. In that case, the Ninth Circuit estopped the IRS from correcting its erroneous view that trust funds were not taxable to the extent that doing so would subject to liability a trustee that had "never enjoyed the use of" the funds and that had taken all possible steps "to protect itself." *Id.* at 318. Unlike that trustee, taxpayers failed to protect themselves by taking the basic step of filing a timely refund claim, have not alleged reliance on the IRS's supposed mistakes, and cannot claim that "great[ ] prejudice[ ]" would result (*id.*) from a decision declining to award them an unwarranted refund. *See also Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2001) (holding that a party asserting equitable estoppel against the Government must establish, among other things, that the Government "engaged in affirmative misconduct going beyond mere negligence");

-25-

*Mannochio v. Comm'r*, 910 F.2d 1400, 1403 (9th Cir. 1983) (refusing to apply *Schuster* when "an innocent third party was not involved").

> **B.    Alternatively, the District Court correctly held that taxpayers' complaint does not state a claim for deductions based on bad debts or worthless securities**

Assuming, *arguendo*, that taxpayers met their burden of pleading facts sufficient to show that they filed a claim for refund satisfying I.R.C. § 6511(d)(1), their complaint should still be dismissed. As the District Court held, taxpayers failed to state a cognizable claim for deduction based on bad debts or worthless securities.

"A complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 776 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To avoid dismissal, the complaint "must offer more than 'naked assertions devoid of further factual enhancement.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 705 (4th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must include "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do.'" *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).

Because "'[d]eductions are a matter of legislative grace,'" a taxpayer seeking a deduction bears the burden of pleading and proving "that every condition which Congress has seen fit to impose has been fully satisfied.'" *In re Landbank Equity Corp.*, 973 F.2d 265, 269 (4th Cir. 1992) (quoting *Wisely v. United States*, 893 F.2d 660, 666 (4th Cir. 1990)). As relevant here, I.R.C. § 6511(d)(1) provides a "[s]even-year period of limitation" for claims concerning "[t]he deductibility by the taxpayer" of either a bad debt within the meaning of I.R.C. § 166 or a worthless security within the meaning of I.R.C. § 165(g).[9]

Section 166 in turn allows deductions for the loss incurred on any business-related debt that becomes worthless during the taxable year. *See, e.g.*, I.R.C. § 166(a)(1); *Cenex, Inc. v. United States*, 156 F.3d 1377, 1381 (Fed. Cir. 1998). The amount of this deduction is limited to the taxpayer's adjusted basis in the debt as determined under I.R.C. § 1011.

---

[9]     Section 6511(d)(1) also refers to the bad-debt deduction under I.R.C. § 832(c). Because that deduction is applicable only to insurance companies, it has no apparent relevance here.

-27-

*See* I.R.C. § 166(b).  A taxpayer seeking a deduction for bad debts must plead, and ultimately prove, (1) the existence of a valid debtor-creditor relationship; (2) the worthlessness of the debt; (3) the year in which the debt became worthless; (4) the business-related nature of the debt; and (5) his basis in the debt.  *See* I.R.C. § 166(a)-(b) & (d); *Estate of Hoffman v. Comm'r*, 8 F. App'x 262, 266 (4th Cir. 2001); *Davis v. Comm'r*, 866 F.2d 852, 859 (6th Cir. 1989); *Oates v. Comm'r*, 316 F.2d 56, 58 (8th Cir. 1963); *Perry v. Comm'r*, 92 T.C. 470, 477-78 (1989), *aff'd*, 912 F.2d 1466 (5th Cir. 1990).

Section 165(g), meanwhile, allows taxpayers to take deductions for "any security which is a capital asset [and which] becomes worthless during the taxable year."  I.R.C. § 165(g)(1).  To show that he is entitled to such a deduction, the taxpayer must plead and prove that the deduction involves a security within the meaning of I.R.C. § 165(g)(2).  *See, e.g.*, *United States v. Blevins*, 542 F.3d 1200, 1202 n.3 (8th Cir. 2008).  The taxpayer must also plead and prove both that the security was a capital asset, that it became worthless, and that it did so during the taxable year at issue.  *See, e.g.*, *Delk v. Comm'r*, 113 F.3d 984, 986 (9th Cir. 1997); *Figgie Int'l, Inc. v. Comm'r*, 807 F.2d 59, 62 (6th Cir.

-28-

1986); *Genecov v. United States*, 412 F.2d 556, 560 (5th Cir. 1969); *Ne. Consol. Co. v. United States*, 406 F.2d 76, 78-79 (7th Cir. 1969).

Taxpayers' amended complaint contains no factual allegations relevant to any of the elements of a claim for deduction under either § 166 or § 165(g). To the contrary, the complaint alleges only the ultimate conclusion that their "claim for refund includes claims for bad debt deductions and claims for worthless securities." (JA 14.) That is precisely the type of "naked assertion devoid of further factual enhancement" subject to dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678; *see also Natkunanathan v. United States*, 474 F. App'x 603 (9th Cir. 2012); *Ruscitto v. United States*, 2013 WL 2422794, at *1 (W.D. Pa. May 31, 2013), *aff'd*, 629 F. App'x 429 (3d Cir. 2015). The District Court accordingly did not err in holding that taxpayers had not stated any plausible claim to relief governed by the seven-year limitations period in I.R.C. § 6511(d).[10]

---

[10]    Taxpayers argue that they gave the Government notice "outside the pleadings" that they would turn over evidence of "bad debts and worthless securities" (Br. 22), but it is axiomatic that evidence outside the pleadings may not be considered when the court considers a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013); Fed. R. Civ. P. 12(d). Furthermore,

(continued…)

-29-

## CONCLUSION

The judgment of the District Court should be affirmed.

---

taxpayers have waived any argument that they should be permitted to further amend their complaint by failing to raise that argument in their opening brief on appeal.  *See, e.g.*, *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 n.4 (4th Cir. 2010).

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the United States, the appellee herein, respectfully submit that oral argument could be helpful if the Court has questions that are not fully addressed in the briefs.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

/s/ Richard Caldarone

ROBERT W. METZLER              (202) 514-3938
RICHARD CALDARONE            (202) 514-2947
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  richard.p.caldarone@usdoj.gov
  appellate.taxcivil@usdoj.gov

*Of Counsel:*
DANA J. BOENTE
  *United States Attorney*

JUNE 2016

## STATUTORY ADDENDUM

**26 U.S.C. § 165.        Losses**

\* \* \*

**(g) Worthless securities.—**

    **(1) General rule.—**If any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall, for purposes of this subtitle, be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset.

    **(2) Security defined.—**For purposes of this subsection, the term "security" means–
        **(A)** a share of stock in a corporation;
        **(B)** a right to subscribe for, or to receive, a share of stock in a corporation; or
        **(C)** a bond, debenture, note, or certificate, or other evidence of indebtedness, issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form.

\* \* \*

**26 U.S.C. § 166.        Bad debts**

**(a) General rule.–**

    **(1) Wholly worthless debts.—**There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

    **(2) Partially worthless debts.—**When satisfied that a debt is recoverable only in part, the Secretary may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

**(b) Amount of deduction.**—For purposes of subsection (a), the basis for determining the amount of the deduction for any bad debt shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.

* * *

 **(d) Nonbusiness debts.—**

    **(1) General rule.**—In the case of a taxpayer other than a corporation–
        **(A)** subsection (a) shall not apply to any nonbusiness debt; and
        **(B)** where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 1 year.

    **(2) Nonbusiness debt defined.**—For purposes of paragraph (1), the term "nonbusiness debt" means a debt other than–
        **(A)** a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or
        **(B)** a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.

**(e) Worthless securities.**—This section shall not apply to a debt which is evidenced by a security as defined in section 165(g)(2)(C).

* * *

## 26 U.S.C. § 6511.    Limitations on credit or refund

**(a) Period of limitation on filing claim.**—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years

from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

**(b) Limitation on allowance of credits and refunds.—**

**(1) Filing of claim within prescribed period.**—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

**(2) Limit on amount of credit or refund.--**
  **(A) Limit where claim filed within 3-year period.**—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.
  **(B) Limit where claim not filed within 3-year period.—**If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
  **(C) Limit if no claim filed.—**If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

* * *

-34-

**(d) Special rules applicable to income taxes.--**

**(1) Seven-year period of limitation with respect to bad debts and worthless securities.**—If the claim for credit or refund relates to an overpayment of tax imposed by subtitle A on account of–

**(A)** The deductibility by the taxpayer, under section 166 or section 832(c), of a debt as a debt which became worthless, or, under section 165(g), of a loss from worthlessness of a security, or

**(B)** The effect that the deductibility of a debt or loss described in subparagraph (A) has on the application to the taxpayer of a carryover,

in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be 7 years from the date prescribed by law for filing the return for the year with respect to which the claim is made. If the claim for credit or refund relates to an overpayment on account of the effect that the deductibility of such a debt or loss has on the application to the taxpayer of a carryback, the period shall be either 7 years from the date prescribed by law for filing the return for the year of the net operating loss which results in such carryback or the period prescribed in paragraph (2) of this subsection, whichever expires the later. In the case of a claim described in this paragraph the amount of the credit or refund may exceed the portion of the tax paid within the period prescribed in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to the deductibility of items described in this paragraph.

* * *

**26 U.S.C. § 7422.     Civil action for refund**

**(a) No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that

regard, and the regulations of the Secretary established in pursuance thereof.

* * *


**28 U.S.C. § 1346.        United States as defendant**

**(a)** The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

　　**(1)** Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

* * *

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. __15-2528____    Caption: __*Bakke v. United States*_____

## CERTIFICATE OF COMPLIANCE

### WITH RULE 28.1(e) or 32(a)

Certificate of Compliance With Type-Volume Limitation, Typeface
Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App.
   P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

  [X]   this brief contains __5,146__ words, excluding the parts of the
        brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

  [ ]   this brief uses a monospaced typeface and contains [*state the
        number of*] lines of text, excluding the parts of the brief
        exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App.
   P. 32(a)(5) and the type style requirements of Fed. R. App. P.
   32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

  [X]   this brief has been prepared in a proportionally spaced
        typeface using Microsoft Word 2010 in 14-point Century
        Schoolbook; *or*

  [ ]   this brief has been prepared in a monospace typeface using
        [*state name and version of word processing program*] with
        [*state number of characters per inch and name of type style*].

s/Richard Caldarone____

## CERTIFICATE OF SERVICE

It is hereby certified that, on this 20th day of June, 2016, this brief was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system and that 8 paper copies were sent to the Clerk by First Class Mail.  Counsel for the appellant are registered CM/ECF users and will be served by the CM/ECF system.

        /s/ Richard Caldarone